IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| 5Star Life Insurance Company and Armed Forces Benefit Association, | ) ) ) | Civil Action No.    2:26-cv-02043-DCN |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **VERIFIED COMPLAINT FOR INTERPLEADER** |
| Tarwanda McClary; Christian Dianne Ward; Ni'Jel Garry Smalls, individually and as Personal Representative of the Estate of Garry Smalls, Jr.; and Jernaih Samone Smalls, individually and as Personal Representative of the Estate of Garry Smalls, Jr. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

5Star Life Insurance Company ("5Star") and the Armed Forces Benefit Association ("AFBA"), by and through their undersigned counsel, hereby file this Verified Complaint for Interpleader and, as grounds in support thereof, state as follows:

## PARTIES

1.    AFBA is a not-for-profit voluntary membership association formed in the District of Columbia. AFBA offers life insurance benefits and other benefits to members of the United States uniformed services, federal government employees, first responder emergency personnel, and their families.

2.    5Star is a Nebraska corporation with its principal place of business in Alexandria, Virginia, that is authorized to do business in the State of South Carolina. 5Star is the principal underwriter for AFBA member insurance products.

3.    Defendant Tarwanda McClary ("McClary") is a citizen and resident of Andrews, Georgetown County, South Carolina.

1

4.      Defendant Christian Dianne Ward ("Ward") is, upon information and belief, a citizen and resident of the State of South Carolina.

5.      Defendant Ni'Jel Garry Smalls ("Ni'Jel") is a citizen and resident of Andrews, Georgetown County, South Carolina.

6.      Defendant Jernaih Samone Smalls ("Jernaih") is a citizen and resident of Andrews, Georgetown County, South Carolina.

7.      Ni'Jel and Jernaih are also named in their capacities as the Co-Personal Representatives of the Estate of Garry Smalls, Jr. (the "Estate"). Garry Smalls, Jr. ("Decedent" or "Garry") was a citizen and resident of Georgetown County, South Carolina at the time of his death.

## JURISDICTION AND VENUE

8.      This action is brought as a rule interpleader, pursuant to Rule 22, Federal Rules of Civil Procedure.

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

10.     This Court has personal jurisdiction over Defendants. This action arises out of events occurring within this District. Defendants have competing claims for the proceeds of a life insurance policy owned by a resident in this District who is now deceased.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

12.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

**I.     Policy Issuance and Antecedent Events**

13.     Decedent and McClary were married on October 22, 2013. The couple resided in Georgetown County, South Carolina, as husband and wife. No children were born of their marriage. Both had multiple children from prior relationships.

14.     In 2018, Decedent purchased a life insurance policy made available through AFBA and underwritten by 5Star. Decedent's policy has an account number ending in 0313 with $250,000.00 in death benefits (the "Policy").

15.     Upon Garry and McClary's request for a divorce based on one year's separation, on June 2, 2022, the Honorable Ronald R. Norton of the Georgetown County Family Court in South Carolina's Fifteenth Judicial Circuit granted the divorce and entered a final decree (the "Order").

16.     Judge Norton's Order stated: "Husband [Garry] shall have sole possession and responsibility of any property currently held in his name, except for the mortgage as stated above."

17.     The Order made no mention of Decedent's Policy.

**II.     Garry's Death and Competing Claims to the Policy**

18.     Decedent died on February 1, 2026. Garry was a resident of Georgetown County, South Carolina at the time of his death.

19.     On February 18, 2026, the Honorable Patricia Watson McCrea of the Georgetown County Probate Court in South Carolina's Fifteenth Judicial Circuit appointed Ni'Jel and Jernaih as co-personal representatives of Decedent's estate.

20.     Ni'Jel and Jernaih are Garry's adult children, born prior to his marriage to McClary.

3

21.     McClary contacted 5Star after Garry's death and requested that it pay her the proceeds of the Policy.

22.     5Star explained that South Carolina law automatically revokes the beneficiary status of a spouse upon divorce and that because no secondary beneficiaries were designated in the Policy, the Policy's proceeds were payable to Garry's estate.

23.     McClary contends that Decedent executed a "Universal Request for Change Form" in October 2022 to (1) change ownership of the Policy from Garry to McClary, and (2) designate McClary and her biological children (who were Garry's stepchildren during their marriage) as beneficiaries, to the exclusion of Garry's biological children. Specifically, McClary alleges that the Decedent designated (a) Tarwanda McClary, listed as "wife (ex)," and Christian Dianne Ward, listed as "daughter," as primary beneficiaries; and (b) Jonai Faith Ward, listed as "daughter," as a secondary (contingent) beneficiary.

24.     AFBA and 5Star have no record of receiving the change form before Garry's death and McClary has not provided documentation showing the form was submitted to 5Star.

25.     Counsel for the Estate has asserted that the Estate is entitled to recover the Policy Proceeds.

26.     There is a dispute as to the proper recipient(s) of the Policy's proceeds. 5Star is unable to pay the proceeds presently without subjecting Plaintiffs to potential liability to the competing claimant(s).

## FOR A FIRST CAUSE OF ACTION
### (Interpleader)

27.     AFBA and 5Star hereby incorporate by reference and re-allege the allegations made in the preceding paragraphs of this Complaint, not inconsistent herewith.

28.     AFBA and 5Star make no claim to the Policy proceeds.

29.     5Star has been, and is, ready, willing, and able to pay the Policy proceeds to the rightful beneficiary or beneficiaries.

30.     5Star has been unable to pay and/or settle the claims arising from Garry's death because it believes such settlement will result in a dispute regarding payment.

31.     AFBA and 5Star are currently subjected and exposed to multiple claims for payment under the Policy and have acted reasonably and in good faith regarding these multiple and competing claims.

32.     Upon information and belief, each of the Defendants claims to be the person(s), or may claim to be the person(s), entitled to receive payment of benefits provided under the Policy at issue.

33.     By reason of the conflicting claims, there is doubt as to which Defendant or Defendants is/are entitled to payment.

34.     AFBA and 5Star have no interest and claim no interest in retaining these funds.

35.     Pursuant to Rules 22 and 67 of the Federal Rules of Civil Procedure, AFBA and 5Star seek and offer to pay the death benefits under the Policy in the total amount of $250,000.00, plus accrued interest, into an interest-bearing account with the Court.

36.     Following payment of the benefits to the Court, AFBA and 5Star, as well as their employees, and their affiliated companies should be dismissed from the action and discharged from any and all duties, claims, or further liability arising from Garry's death, the Policy, or the payment of proceeds thereunder, granted the fees and costs of this action, and Defendants should be ordered to litigate the rights to the Policy proceeds between themselves .

WHEREFORE, AFBA and 5Star respectfully request that the Court inquire into the matter and grant the following relief:

(a) That this interpleader action be allowed;

(b) That Plaintiffs be permitted to deposit the disputed funds payable under the Policy into the registry of the Court to be held in an interest-bearing account for ultimate distribution by order of this Court;

(c) That Defendants be required to interplead and settle between themselves their rights to the death benefits payable under the Policy;

(d) That the Court determine and direct the sum or sums payable to each claimant;

(e) That Defendants be restrained and enjoined from commencing or prosecuting any action or suits against Plaintiffs, their employees, or their affiliated companies relating to the Policy;

(f) That upon deposit of the proceeds of the Policy in the Court, Plaintiffs, their employees, and their affiliated companies be discharged from any further liability relating to the Policy;

(g) That the Court grant Plaintiffs their fees and costs;

(h) That any other party be allowed to join any additional defendant or defendants who may hereinafter be discovered to have a claim for said insurance benefits; and

(i) For any other and further relief as the Court deems just and proper.

**MAYNARD NEXSEN, P.C.**

By: */s/ David C. Dill*
     David C. Dill (Fed. ID No. 11860)
     Claire K. Atwood (Fed ID No. 14466)
     104 South Main Street, Suite 900
     Greenville, SC 29601
     Telephone: 864.370.2211
     DDill@maynardnexsen.com
     CAtwood@maynardnexsen.com

*Attorneys for 5Star Life Insurance Company*
*and Armed Forces Benefit Association*

May 20, 2026
Greenville, South Carolina

7